Case 3:19-cv-00011   Document 26   Filed on 05/23/19 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORBERTO ATENCIO | § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 3:19–CV–00011 |
| HENRY TORRES; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 20 | § § § § § | |
| Defendants. | § § | |

## ORDER

Plaintiff Norberto Atencio ("Atencio") filed this lawsuit against Henry Torres and International Longshoremen's Association, Local 20 (collectively, "Defendants"), claiming that Defendants discriminated against him based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964. Currently before the Court is Atencio's request that the Court appoint him a lawyer. *See* Dkts. 8 and 10. In a nutshell, Atencio contends that he does not have the financial resources to hire counsel.

Title VII provides for the appointment of an attorney for a plaintiff upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). This statutory provision provides Title VII litigants the right to request an attorney, but there is no automatic right to the appointment of counsel. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). As the Fifth Circuit has made abundantly clear: "the appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). *See also Ulmer v. Chancellor*, 691 F.2d 209,

212 (5th Cir. 1982) (as a general rule, an attorney should be appointed in a civil case only if "exceptional circumstances" exist).

The decision whether to appoint counsel in a Title VII case rests within the sound discretion of the trial court. *See Caston*, 556 F.2d at 1308. As plaintiff, Atencio bears the burden of demonstrating that appointment of counsel is appropriate. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013). District courts analyzing the merits of a Title VII plaintiff's request for counsel should consider: (1) the plaintiff's financial ability to retain counsel; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the merits of the plaintiff's claim of discrimination. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). No single factor is conclusive.

The first factor a court must consider in deciding whether to appoint counsel is the plaintiff's financial ability to retain counsel. A plaintiff is required to show that he has "insufficient assets and income to enable [him] to afford an attorney to investigate and file [his] claim." *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995). This standard is less than the substantial showing of poverty required to proceed *in forma pauperis*. In this case, Atencio easily meets this standard, as he is of limited financial resources and has sought and received *in forma pauperis* status.

The second factor to be considered is what efforts Atencio has taken to obtain counsel. "To be eligible for appointed counsel, [Atencio] must make 'a reasonably diligent effort under the circumstances to obtain counsel.'" *Id.* at 594 (quoting *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)). Atencio indicated at a status conference that he has spoken with a Legal Aid Society about obtaining legal

representation, but was told his case was too complex. Atencio also said he discussed the case with several lawyers, all of whom were unwilling to accept representation unless Atencio put down a substantial cash deposit. As such, Atencio also satisfies this second requirement.

The third and final factor a court must evaluate is the merits of Atencio's claim of discrimination. Examining the potential merits of a case "is most important, considering the unfairness of imposing service upon a member of the bar." *Id.* "This factor is also the most difficult to apply." *Id.* In the present case, it is hard, if not impossible, to assess the merits of Atencio's case from reviewing the bare-boned Complaint. The Complaint consists of a number of boxes, which Atencio has checked to signify his claim that Defendants failed to employ him, terminated his employment, and failed to promote him because of his race and national origin. Atencio also hand-wrote in the Complaint "other" allegations against the Defendants: "Power to give me or not work[;] influence on foreman to treat me discriminately[;] influence on certifications labor." Dkt. 1 at 2. In a section of the Complaint under the typed words "When and how the defendant has discriminated against the plaintiff," Atencio wrote: "many times but it was the 27th November that I recorded in video to have the necessary evidence to be able to Protect myself." *Id.* Based on the Complaint, the Court is reluctant to conclude that the allegations are frivolous. But, at the same time, the paucity of allegations certainly do not convince the Court that the merits of the case are necessarily strong. At least from the face of the Complaint, the Court cannot discern any concrete proof of discrimination.

Atencio did pursue his administrative remedies before the Equal Employment Opportunity Commission ("EEOC"). "As the administrative agency statutorily charged with the responsibility of enforcing Title VII and presumably equipped with at least a modest amount of expertise in the area, the determination of the EEOC is highly probative." *Caston,* 556 F.2d at 1309. In the present case, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes." Dkt. 1-4 at 1. Although this conclusion certainly does not tank Atencio's case, it also does not provide any support for his claims.

Understandably, Atencio desires to have able counsel represent him in this lawsuit. This Court sympathizes with all pro se litigants in Atencio's situation. Ideally, each litigant who appears before this Court is represented by a zealous advocate who champions his/her client's cause. The reality of the situation, however, is that Congress has earmarked no funds for such representation in Title VII cases and this Court must remember that it cannot, in each and every case, order an unwilling member of the bar to assume representation for no compensation. Under the law governing the appointment of counsel in Title VII proceedings, this Court must deny Atencio's request to appoint counsel. Atencio has simply not shown that this case presents "exceptional circumstances" supporting the appointment of counsel. *See, e.g., Trumbo v. Performance Bicycle Shop*, No. A-17-CV-558-LY, 2018 WL 814266 (W.D. Tex. Feb. 9, 2018) (denying request to appoint counsel in Title VII case); *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:13-cv-572, 2013 WL 12177864 (E.D. Tex. Sept. 26, 2013) (same).

SIGNED at Galveston, Texas, this 23rd day of May, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE