# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:19-cv-00011

NORBERTO ATENCIO, PLAINTIFF,

v.

HENRY TORRES AND INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 20,
DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

This is an employment-discrimination action under Title VII of the Civil Rights Act of 1964. The plaintiff, Norberto Atencio, sued his labor union, International Longshoremen's Association—Local 20, and Henry Torres, an agent of Local 20. Dkts. 1, 29. Atencio, who is from Venezuela, alleges discrimination on the basis of race and national origin.

Torres seeks to dismiss Atencio's claims against him under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court has considered the motion (Dkt. 28), Atencio's response (Dkt. 31), the reply (Dkt. 32), Atencio's surreply (Dkt. 33), the pleadings, other relevant materials in the record, and the applicable law, and finds that dismissal is warranted. Because Title VII does not create personal liability for the agents of labor unions, the court grants Torres's motion

1

to dismiss.

A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be appropriate when the plaintiff has failed to exhaust administrative remedies. *See Linthecome v. O'Neill*, 266 F. Supp. 2d 514, 517 (N.D. Tex. 2001), *aff'd*, 45 F. App'x 323 (5th Cir. 2002) (considering whether employee in discrimination suit exhausted his administrative remedies as part of Rule 12(b)(1) motion).

Under Rule 12(b)(6), a claim may be dismissed if a plaintiff fails to allege any set of facts in support of the claim that would entitle him to relief or fails to allege a material point necessary to sustain recovery. *Taylor v. Books A Million, Inc.*, 296 F .3d 376, 378 (5th Cir.2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). Legal conclusions, conclusory allegations, and unwarranted deductions of fact will not prevent dismissal under Rule 12(b)(6). *Jones v. Alcoa,*

*Inc.*, 339 F.3d 359, 362 (5th Cir.2003). Moreover, the court does not look beyond the pleadings, including any attachments thereto, in deciding a motion to dismiss. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir.2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000).

### A. Torres's motion to dismiss is timely.

Atencio first argues, incorrectly, that Torres's motion to dismiss is not timely. Torres was required to answer or otherwise file a responsive pleading within 21 days of service of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i) and (b). The procedures for all cases filed in the Galveston Division require a pre-motion conference before filing a Rule 12 motion to dismiss. Edison Procedures 6.B; Dkt. 34 (notifying litigants in this case that Magistrate Judge Andrew M. Edison's court procedures should be followed). According to that rule, "[f]or the purposes of [] timing requirements, a pre-motion conference letter requesting permission to file a motion permitted by the Rule shall be considered the equivalent of the motion itself." Edison Procedures 6.B.

Torres was served with the summons and complaint on April 24, 2019. Dkt. 11. The defendants filed a pre-motion conference letter regarding the motion to dismiss on May 13, 2019, within the 21-day time limit. Dkt. 13; Fed. R. Civ. P. 12(a)(1)(A)(i) and (b). Because local procedures provide that the filing of a pre-motion conference letter amounts to filing the motion itself, the motion was timely. Judge Edison held a pre-motion conference with the parties on

May 22, 2019. At the conference, Judge Edison told defendants to file any motion to dismiss by June 21, 2019. Torres filed his motion to dismiss on May 24, 2019, well in advance of Judge Edison's deadline. Dkt. 28.

**B. Torres cannot be personally liable under Title VII.**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, imposes liability on employers and labor unions that violate the act's provisions, including discrimination on the basis of race or national origin. Section 2000e(d) defines "labor organization" as "a labor organization engaged in an industry affecting commerce, and any agent of such an organization." 42 U.S.C. § 2000e(d). The definition of "labor organization" mirrors the definition of "employer" under the act. 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce . . . and any agent of such a person.").

While Title VII governs the actions of agents of employers and labor unions, the Fifth Circuit does not interpret the statute as imposing individual liability for Title VII claims. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Use of the word "agent" in the definitions is simply to incorporate *respondeat superior* liability into Title VII. *Id.* A Title VII suit against an employee is a suit against the corporation; there is no individual liability for employees. *Id.*; *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *Grant v. Lone Star Company*, 21 F.3d 649, 652–53 (5th Cir. 1994). So it is redundant for a party to maintain a lawsuit against an employer and its agent under Title VII. *Id.*; *see also*

*Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990) (holding any liability for a supervisor under Title VII is premised on his or her role as an agent, not as an individual).

This same reasoning applies to labor unions and agents. *See Maxwell v. Kight*, 974 F. Supp. 899, 903 (E.D. Tex. 1996) (treating a Title VII lawsuit against an individual union supervisor as if it were filed against the union); *Cooper v. Dallas Police Ass'n*, No. 3:05-CV-1778-N, 2007 WL 9719300, at *2 (N.D. Tex. June 4, 2007), *aff'd*, 261 F. App'x 735 (5th Cir. 2008) (dismissing Title VII claim against labor organization president as redundant); *Mathis v. CWA Local Union 4320*, No. 2:10-CV-1093, 2011 WL 3497189, at *6 (S.D. Ohio Aug. 9, 2011) (holding employees of a labor organization could not be held liable under Title VII for the same reasons employees of an employer could not).

Because Atencio filed his Title VII claim against both Local 20 and Torres, its agent, the court dismisses his claims against Torres as redundant.

\* \* \*

The court dismisses with prejudice the plaintiff's claims against Henry Torres.

SIGNED on Galveston Island on this, the 25th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE